1  Daniel L. Rasmussen, Bar No. 120276
   dlr@paynefears.com
2  Scott O. Luskin, Bar No. 238082
   sol@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  801 S. Figueroa, Suite 1150
   Los Angeles, California 90017
5  Telephone: (213) 439-9911
   Facsimile: (213) 439-9922
6

7  THOMAS F. A. HETHERINGTON
   (Texas Bar No. 24007359)*
8  E-Mail: tom.hetherington@emhllp.com
   JARRETT E. GANER
9  (Texas Bar No. 24055570)*
   E-Mail: jarrett.ganer@emhllp.com
10 EDISON, McDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2100
11 Houston, Texas 77027
   Telephone:  (713) 337-5580
12 Facsimile:   (713) 337-8850
   *pro hac vice applications to be filed
13

14 Attorneys for Defendant/Counter-Claimant

15
                    **UNITED STATES DISTRICT COURT**
16
           **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
17

18
   U.S. BANK NATIONAL                    Case No. CV12-03047 R (RZx)
19 ASSOCIATION, a National
   Association, as Securities Intermediary
20 for LIMA ACQUISITION, LP,              **COUNTERCLAIM AND THIRD
                                          PARTY COMPLAINT FOR
21              Plaintiff,                INTERPLEADER**

22         v.

23 PHL VARIABLE INSURANCE
   COMPANY, a Connecticut corporation,
24
                Defendant.
25

26 PHL VARIABLE INSURANCE
   COMPANY, a Connecticut corporation,
27
                Counterclaimant,
28              and
                Third Party Plaintiffs

-1-

v.

U.S. BANK NA, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP; J.P. MORGAN CHASE BANK, NA, a National Association; and THE BANK OF NEW YORK TRUST COMPANY, NA, a National Association,

Counter-Defendants.
*and*
*Third Party Defendants*

## PHOENIX'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER

PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Counterclaim and Third Party Complaint in Interpleader pursuant to 28 U.S.C. § 1335 against Counter-Defendants, U.S. Bank National Association, J.P. Morgan Chase Bank, NA, and The Bank of New York Trust Company, NA, regarding a life insurance policy insuring the life of "John Doe" (the "Policy") as follows:

### NATURE OF THE ACTION

1. This is an action in interpleader pursuant to 28 U.S.C. § 1335. Phoenix seeks to adjudicate its rights and obligations under a policy of life insurance bearing the number 97516307 (the "Policy") insuring the life of John Doe, now deceased. Specifically, Phoenix seeks to interplead the funds of the Policy because two or more adverse claimants of diverse citizenship may claim to be entitled to the benefits due under the Policy.

2. As explained in detail below, when ownership of the Policy was transferred to Plaintiff, the Policy was subject to collateral assignments asserted by J.P. Morgan Chase Bank, NA ("J.P. Morgan"). While Phoenix has received documents indicating that the assignments may have been released, these releases are not in good order, as they are not signed by J.P. Morgan. Rather, they are executed by The Bank of New York Trust Company, NA ("BoNY"), and it is not clear that BoNY had authority to execute the release on behalf of J.P. Morgan. Additionally, it is not clear whether J.P. Morgan's interest in the Policy was transferred to BoNY. As such, the collateral assignment may be outstanding, and there are potential, adverse competing claims to the Policy's proceeds.

3. After receiving Plaintiff's claim, Phoenix explained to Plaintiff that it needed additional documentation to establish that the collateral assignment had been satisfied and released. Plaintiff refused to provide such documentation and instead filed this lawsuit. While Phoenix is prepared to pay the death benefits payable under the Policy, it cannot do so in the face of a potential collateral assignment without subjecting itself to potential multiple liability.

## THE PARTIES

4. PHL Variable Insurance Company is a Connecticut insurance company authorized to transact the business of insurance in California. Phoenix is organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Phoenix's headquarters are located at One American Row, Hartford, Connecticut 06102–5056. Phoenix's high-level officers direct, control and coordinate the corporation's activities from Hartford, Connecticut. As such, Phoenix is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

5. Upon information and belief, Counter-Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association with its principal place of business in Ohio, and is the securities intermediary for Lima Acquisition LP.

6. Upon information and belief, Cross-Defendant J.P. Morgan is a national banking association having its main office in Ohio and is thus a citizen of Ohio for diversity purposes under 28 U.S.C. §1348.

7. Upon information and belief, Cross-Defendant BoNY is a national banking association having its main office in Florida and is a thus citizen of Florida for diversity purposes under 28 U.S.C. §1348.

## JURISDICTION AND VENUE

8. This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

9. Phoenix is a citizen of Connecticut.

10. U.S. Bank is a citizen of Ohio and is subject to the jurisdiction of this Court.

11. J.P. Morgan is a citizen of Ohio and is subject to the jurisdiction of this Court by virtue of having knowingly taken its collateral assignment against the Policy, which are governed by the California law.

12. BoNY is a citizen of Florida and is subject to the jurisdiction of this Court by virtue of having executed the release of collateral assignment forms held

against the Policy, which are governed by California law.

13. This Court has diversity jurisdiction over this action, as Phoenix is a a citizen of a different state than U.S. Bank, J.P. Morgan, and BoNY, and, as set out more fully below, the amount in controversy exceeds $500, exclusive of interest, attorneys' fees, and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1335.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because all or a substantial portion of the events or omissions giving rise to the cause asserted herein took place in the State of California.

## FACTUAL BACKGROUND

15. Phoenix issued the Policy with an issue date of February 16, 2006. Phoenix subsequently received and recorded a collateral assignment in favor of J.P. Morgan. Beginning in 2008, the Policy experienced several ownership changes. The last designation of ownership and beneficiary forms submitted to Phoenix were dated June 7, 2010, which named Plaintiff U.S. Bank, NA as Securities Intermediary ("U.S. Bank") as owner and beneficiary of the Policy.

16. In August 2010, Phoenix received release of collateral assignment forms (the "Releases") for the Policy related to the J.P. Morgan assignment.

17. The signature block on the Release lists "JP Morgan Chase Bank, N.A." as the assignee, and is signed "By: The Bank of New York Trust Company, N.A., as attorney-in-fact." The signature is by "R. Tarnas, Vice President."

18. With the Releases, Phoenix also received an "Assignment and Assumption Agreement" dated October 1, 2006 (the "Assignment Agreement"). The Assignment Agreement represents that J.P. Morgan transferred to BoNY its interests in certain "Acquired Corporate Trust Contracts," purportedly identified within § 2.1 and/or a Schedule 2.1(a)(3) of a Purchase and Assumption Agreement dated April 7, 2006, purportedly between JP Morgan & Chase Co. and The Bank of New York Inc. (the "Purchase Agreement"). Paragraph five of the Assignment Agreement represents that BoNY had a power of attorney to act in J.P. Morgan's name with respect to the Acquired Corporate Trust Contracts. However, Phoenix did not receive a copy of the Purchase Agreement or its Schedule 2.1. As such, it is not apparent from the documentation available to Phoenix that the Policy was among the "Acquired Corporate Trust Contracts" transferred from J.P. Morgan to BoNY, or that BoNY had a power of attorney to release the collateral assignment against the Policy asserted by J.P. Morgan.

19. On August 19, 2010, two months after Plaintiff took ownership of the Policy, Phoenix sent letters to U.S. Bank as the Policy owner stating that Phoenix had recorded releases of the J.P. Morgan collateral assignments. The letter did not make any representation regarding the underlying validity of the Releases, and stated only that Phoenix had recorded them. The letter did not represent that Phoenix had investigated or confirmed their validity.

20. On or about January 7, 2012, Mr. Doe passed away.

21. In a letter dated January 26, 2012, sent to Torrey Pines Services, LLC, Plaintiff's designated servicer on the Policy, Phoenix noted that although it had recorded a release of the assignment in favor of J.P. Morgan, it was "requesting documentation to confirm that the policy was included in the Schedule of Contracts

-6-

in the Purchase Agreement of 4/7/06 to ensure the release was valid." A second letter dated January 31, 2012 (also sent to Torrey Pines) notes that the release is on file but reiterates the request for "Schedule 2.1(a)(3), which should provide the list of contracts included in this agreement." On February 14, 2012, Phoenix again wrote to Plaintiff's designated servicer reiterating its request for the schedule of contracts.

22. U.S. Bank replied to Phoenix's letters, claiming they did not have access to the document. Instead of working with Phoenix to clear the issues surrounding the collateral assignment, Plaintiff filed this lawsuit.

23. As it stands, Phoenix has not received a copy of the Purchase Agreement or other documentation identifying the Policy as an Acquired Corporate Trust Contracts. Further, Phoenix has not received documentation showing that either (a) BoNY possessed the authority to act on behalf of J.P. Morgan with respect to the Policy, or (b) that J.P. Morgan's interest in the Policy was transferred to BoNY. As it now stands, Phoenix lacks source documentation establishing BoNY's authority to release the collateral assignment previously asserted by J.P. Morgan. It is unclear whether the assignment has, in fact, been released.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT COUNT I
### (Interpleader against All Defendants)

24. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1-23 above.

25. Because of the potentially competing claims for the death benefits of the Policy, Phoenix hereby interpleads the Policy's benefits, if any, with the

Registry of the Court.

26. U.S. Bank has made a claim to the death benefits of the Policy.

27. Either J.P. Morgan or BoNY has a potential collateral assignment whose release cannot be verified, which creates the potential for a second competing claim to all or some of the Policy's proceeds.

28. Based on these potentially conflicting claims, Phoenix is at risk of suffering multiple liability for the Policy's proceeds.

29. Phoenix is now seeking, by way of this Interpleader claim, certainty regarding the parties' respective rights to the disbursement of the Policy's death benefits.

30. Phoenix is an innocent stakeholder and claims no title or interest in the proceeds of the Policy, which Phoenix unconditionally offers to, and is prepared to pay into, the Registry of the Court or deliver to the party designated by the Court, pending the resolution of this action.

31. Based on the foregoing, there is an actual justiciable controversy between U.S. Bank, J.P. Morgan, and BoNY as to the rights to the Policy proceeds.

32. Unless potentially adverse and conflicting claims to the Policy are resolved in a single proceeding pursuant to an appropriate court order, Phoenix is potentially subject to multiple litigation and is at substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the proceeds of the Policy.

1  33.  Phoenix reserves the right to defend any remaining claims against it once an appropriate court order is entered regarding the proper recipient of the proceeds of the Policy, or in the event that the requested Interpleader relief is denied.

WHEREFORE, Phoenix respectfully requests the Court:

a.  direct Phoenix to interplead the death benefits and/or Policy into the registry of the Court;

b.  direct and declare the respective rights of J.P. Morgan, BoNY, and U.S. Bank as to the death benefits of the Policy;

c.  discharge Phoenix from any and all liability in connection with, or arising out of this litigation and the Policy, except for the obligation to honor a final, non-appealable order from this Court with respect to the disbursement of the Policy's death benefits;

d.  enjoin and restrain J.P. Morgan, BoNY, and U.S. Bank from commencing or further prosecuting any other proceedings in any state or United States court against Phoenix on account of the Policy until this action is concluded;

e.  award Phoenix its costs and reasonable attorneys' fees; and

f.  grant any such other and further relief as this Court deems appropriate.

///

-9-

| | | |
|---|---|---|
| 1 | Dated: May 22, 2012 | By: /s/ signature |
| 2 | | Daniel L. Rasmussen (SBN 120276) |
| | | dlr@paynefears.com |
| 3 | | Scott O. Luskin (SBN 238082) |
| | | sol@paynefears.com |
| 4 | | PAYNE & FEARS LLP |
| | | 801 S. Figueroa Street |
| 5 | | Los Angeles, California 90017 |
| | | Telephone: (213) 439-9911 |
| 6 | | Facsimile: (213) 439-9922 |

THOMAS F. A. HETHERINGTON
(Texas Bar No. 24007359)*
E-Mail: tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
E-Mail: jarrett.ganer@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
*pro hac vice applications to be filed

Attorneys for Defendant/Counterclaimant
PHL VARIABLE INSURANCE COMPANY

-10-

# PROOF OF SERVICE

*U.S. Bank National Association et al., v. PHL Variable Insurance Company*
Case No. CV12-03047

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa, Suite 1150, Los Angeles, CA 90017.

On May 22, 2012, I served true copies of the following document(s) described as: **Counterclaim and Third Party Complaint for Interpleader** on the interested parties in this action as follows:

KHAI LEQUANG
MELANIE D. PHILLIPS
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
(213) 629-2020

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 22, 2012, at Los Angeles, California.

_____
Vanessa A. Hobdy

4812-7905-6143.1

-1-
PROOF OF SERVICE