Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:   (213) 439-9922

*and*

THOMAS F. A. HETHERINGTON
(Texas Bar No. 24007359) (*pro hac vice*)
E-Mail: tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570) (*pro hac vice*)
E-Mail: jarrett.ganer@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:   (713) 337-8850

Attorneys for Defendant/Counterclaimant and
Third-Party Plaintiff PHL VARIABLE INS. CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant.<br><br>AND RELATED CLAIMS | Case No. CV12-03047 - R (RZ)<br><br>**PHL's Reply in Support of its Motion to Dismiss**<br><br>Judge:  Hon. Manuel L. Real<br><br>Date:   August 6, 2012<br>Time:  10:00 a.m.<br>Place:  Room 8 (Second Floor) |

4823-9787-9056.1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT .............................................................................................................. 1

    A.   The CUIPA has no private right of action. ....................................................... 1

    B.   U.S. Bank fails to state a valid CUTPA/CUIPA claim because it has not alleged any specific conduct that has occurred with frequency ................. 2

    C.   Phoenix has properly stated the status of Connecticut law and the high burden U.S. Bank faces. ..................................................................................... 5

    D.   Unjust enrichment is not available as an alternative theory of liability where the contract is uncontested. ................................................................... 8

III. CONCLUSION ......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Active Ventilation Products, Inc. v. Property & Cas. Ins. Co. of Hartford*,
  No. X09CV085023757, 2009 WL 2506360 (Conn. Super. Ct., July 15,
  2009) ........................................................................................................................ 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 3, 4, 8

*Fowler v. Allstate Prop. & Cas. Ins. Co.*,
  No. CV085016911S, 2009 WL 242375 (Conn. Super. Ct. Jan. 7, 2009) .... 3, 4, 7

*Hawkeye, LLC v. Zurich Am. Ins. Co.*,
  No. 3:10-CV-899 JCH, 2011 WL 1216408 (D. Conn. Mar. 29, 2011) ............... 7

*Jello-Pitkin v. GEICO Indem. Co.*,
  No. CV 095012395, 2011 WL 3930346 (Conn. Super. Ct. Aug. 16, 2011) .... 1, 2

*Linn v. Hanover Ins. Co.*,
  CV065006969S, 2007 WL 2081444 (Conn. Super. Ct. July 2, 2007) ................. 7

*Mead v. Burns*,
  199 Conn. 651, 509 A.2d 11 (1986) ................................................................ 3, 4, 5

*Rome v. Utica First Ins.*
  (Conn. Super. Ct., July 18, 2011, CV116017269S) 2011 WL 3587389 .............. 7

*Tait v. BSH Home Appliances Corp.*,
  No. SACV 10-711 DOC AN, 2011 WL 1832941 (C.D. Cal., May 12,
  2011) ..................................................................................................................... 8, 9

*Twombly v. Bell Atlantic Corp.*,
  550 U.S. 544 (2007) ............................................................................................. 3, 8

*Vasilakos v. Ford*,
  No. CV085006202S, 2009 WL 659234 (Conn. Super. Ct. Feb. 19, 2009) ......... 7

*Walker v. Geico Gen. Ins. Co.*,
  130 S. Ct. 400 (2009) ............................................................................................... 9

*Walker v. Geico Gen. Ins. Co.*,
  558 F. 3d 1025 (9th Cir. 2009) ............................................................................... 9

*Walker v. USAA Casualty Insurance Co.*,
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) ................................................................ 9

**STATUTES**

Conn. Gen. Stat. Ann. § 38a-816(6) ........................................................................... 5

## I.   INTRODUCTION

PHL Variable Company ("Phoenix") files its reply to U.S. Bank, N.A., as securities intermediary for Lima Acquisition, LP's ("U.S. Bank") Opposition to Phoenix's Motion to Partially Dismiss U.S. Bank's First Amended Complaint (respectively, "Opposition" and "Motion").  Through its Opposition, U.S. Bank attempts to buttress its deficient, conclusory pleading in this case by referencing similarly deficient pleadings filed in other cases.  The Opposition's reasoning is effectively circular: it avers that U.S. Bank has met the CUTPA/CUIPA's frequency element by stating that other plaintiffs, most of which are represented by the same counsel as U.S. Bank, have also made conclusory allegations that Phoenix has violated the CUTPA.  Regardless, Plaintiff has still not sufficiently alleged a general business practice that violates the CUIPA.  Further, the allegations in the Complaint that Phoenix is retaliating against U.S. Bank belie the argument that any CUIPA violation has occurred.  Additionally, U.S. Bank fails to properly plead its unjust enrichment cause of action, both because California does not acknowledge unjust enrichment as a stand-alone cause, and because the Policies' validity is not disputed, undercutting the assertion that it is pled in the alternative.  For these reasons, Phoenix's Motion should be granted.

## II.   ARGUMENT

### A.   The CUIPA has no private right of action.

While the Connecticut Supreme Court has not taken a position on the issue, the lack of a direct CUIPA action is well established by the "vast majority" of Connecticut court opinions on the issue—particularly recent decisions.  *Jello-Pitkin v. GEICO Indem. Co.*, No. CV 095012395, 2011 WL 3930346, at *3 (Conn. Super. Ct. Aug. 16, 2011) (collecting cases).  *Jello-Pitkin*, a case decided just last year, analyzed identical arguments to those raised by Phoenix here, and concluded that "the consensus of these [Connecticut] courts

may be summarized as" providing no cause of action for the CUIPA, which is unambiguously drafted. *Id.* The *Jello-Pitkin* court noted that there was no "appellate authority to the contrary," which U.S. Bank apparently does not dispute. Rather, in a passing footnote, U.S. Bank argues that there is no basis in law for Phoenix's contention that the CUIPA does not allow for a private right of action. U.S. Bank's Opposition to Phoenix's Motion to Dismiss ("Opp.") at 8, fn. 6 [Dkt. 42]. This statement ignores entirely the authority relied upon by Phoenix in its Motion, and certainly does not distinguish that authority in any way. That U.S. Bank could muster only two cases that predate those relied on in Phoenix's Motion is telling. The great weight of legal authority regarding a private right of action under the CUIPA is firmly in Phoenix's favor, and the CUIPA claim should be dismissed.

### B. U.S. Bank fails to state a valid CUTPA/CUIPA claim because it has not alleged any specific conduct that has occurred with frequency.

Regardless, the CUTPA/CUIPA causes of action should be dismissed for failure to allege a CUIPA violation. *Active Ventilation Products, Inc. v. Property & Cas. Ins. Co. of Hartford*, No. X09CV085023757, 2009 WL 2506360 (Conn. Super. Ct., July 15, 2009). To meet the frequency element of a CUIPA claim, U.S. Bank attempts a pleading sleight-of-hand: first it alleges specific conduct in this instance, and then it makes the conclusory allegation that there exists a general pattern of unfair claims handling. U.S. Bank's First Amended Complaint ("Compl.") ¶ 5 [Dkt. 17]; Opp. at 1. In substance, this is simply a breach of contract allegation followed with a conclusory statement about frequency. Neither grounds a CUIPA violation because the sum is no greater than its parts. U.S. Bank fails to connect the dots and allege, as it must, that the conduct for its grievances in this lawsuit—interpleader as a mechanism of delay, misrepresentation by failing to disclose that payment of claims could be conditioned on clearing collateral assignments—is the same conduct that is occurring as part of Phoenix's general claims practices. *See* Compl. ¶¶ 19,

47; and *see Fowler v. Allstate Prop. & Cas. Ins. Co.*, No. CV085016911S, 2009 WL 242375, *4 (Conn. Super. Ct. Jan. 7, 2009) (granting a motion to dismiss because "[t]he plaintiff never alleges that the defendant has failed to settle *similar* claims presented by other claimants.") (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (requiring specificity in pleading); and *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007) (same); and *Mead v. Burns*, 199 Conn. 651, 653–66, 509 A.2d 11, 13 (1986).  U.S. Bank does not do so, nor would an attempt to do so be credible given the nature of the alleged violations.  Compl. ¶¶ 10-20, 47, 55.

U.S. Bank attempts to escape the deficiency of its pleadings by citing to the fact that its attorneys have filed complaints alleging CUIPA/CUTPA claims on other occasions over the past few months.  Opp. at 5-6.  Setting aside the fact that roughly half of the allegations within the "Factual Background" section do not appear in U.S. Bank's Complaint, the allegations in the other lawsuits are simply irrelevant and, as explained in detail below, do not indicate a general business practice in Phoenix's claims' handling.[1]  Specifically, U.S. Bank does not point to what alleged conduct from the other complaints is part of an ongoing pattern of unfair claims handling.  The only general practice at issue is that U.S. Bank's counsel have begun asserting the same meritless CUTPA claims as a matter of course.  Indeed, of the two cases cited by U.S. Bank not filed by their counsel, one does not even involve a death claim, and the other does not allege CUTPA or CUIPA violations.  Opp. at 6, Exs. 3-4 (citing and attaching *Wilmington*, No. CV12-04926 SVW (AJNx) and *PHL Variable Life Ins. Co. v. ESF QIF Trust*, No. 1:12-cv-319-UNA (D. Del.)).

---

[1] U.S. Bank quotes liberally from the WSFS case. *Wilmington Savings Fund Soc., FSB v. PHL Variable Insurance Co., and the Phoenix Companies, Inc.*, No. CV 12-04926 SVW (AJNx) (C.D. Cal.).  Phoenix's time to respond to that complaint has not yet occurred.  Phoenix will respond to the baseless allegations contained therein at the appropriate time.  Additionally, U.S. Bank asks the Court to take judicial notice of a Wall Street Journal article.  While Phoenix does not challenge the authenticity of the quote, Phoenix does dispute the relevance of the article, and respectfully request that the Court decline U.S. Bank's request that the Court take further notice of items outside of U.S. Bank's Complaint.

Indeed, even the other complaints filed by U.S. Bank's counsel allege violations of the CUIPA for very different conduct, which belies U.S. Bank's assertion that the actions of which it complains are part of an "ongoing pattern." For example, the complaint filed in the Central District in *Karen Benjamin as Trustee of the Jackson Family 2007 Irrevocable Trust v. PHL Variable Ins. Co.*[2] alleges claims handling violations for Phoenix's requirement of certain information in a claims investigation (and does not allege that Phoenix has actually denied a claim). Opp., Ex. 4. Similarly, *U.S. Bank Nat. Assoc., as securities intermediary for Lima Acquisition LP v. PHL Variable Insurance Co.*,[3] pending in the United States District Court for the District of Minnesota, alleges breach of contract for Phoenix's denial of death benefits on a policy lacking insurable interest, which is nowhere alleged in this matter (and cannot be credibly alleged, as Phoenix has not denied coverage under the Policies but interpled the funds). Opp., Ex. 2. The other lawsuit pending in the Central District between U.S. Bank and Phoenix (the 3046 case[4]) is a related matter stemming from the exact same collateral assignment issue and same third-party banks. Opp. Ex. 1. In fact, the only intersection of these complaints' allegations is that they all parrot the statute, which is insufficient under the Federal Rules of Civil Procedure and does not provide the factual allegations necessary to sustain a claim under Connecticut law. *See* Mot. at 6-8; *see also Fowler*, 2009 WL 242375 at *4 (granting a motion to dismiss because "[t]he plaintiff never alleges that the defendant has failed to settle *similar* claims presented by other claimants.") (emphasis added); and *see Iqbal*, 556 U.S. 662 (requiring specificity in pleading); and *Mead*, 199 Conn. at 653.

To the extent U.S. Bank is contending that the frequency requirement is met by the fact that there are multiple cases asserting a variety of allegedly bad-faith conduct, U.S.

---

[2] No. CV 12-4556 SVW (SHx) (C.D. Cal.)
[3] No. 12-CV-0877 (JRT/TNL) (D. Minn.)
[4] No. CV 12-03046 RGK (MRWx) (C.D. Cal.)

1  Bank's reading of the Connecticut statute is too narrow.  The statute requires allegations
2  sufficient to demonstrate that the complained-of conduct occurs with such frequency to
3  establish it is part of a "general business practice."  Conn. Gen. Stat. Ann. § 38a-816(6).
4  Certainly, this "general business practice" requires, at a minimum, more than one instance
5  of the conduct levied against more than one plaintiff in order to be a "general business
6  practice."  *Mead*, 199 Conn. at 653.  Plaintiffs have to allege an violation that occurs with
7  sufficient frequency to be classified as a general business practice—it is not enough to argue
8  that they and other STOLI investors are generally dissatisfied with Phoenix.  Conn. Gen.
9  Stat. Ann. § 38a-816(6).

11        **C.**     **Phoenix has properly stated the status of Connecticut law and the**
12               **high burden U.S. Bank faces.**

14       The argument that Phoenix has presented the wrong legal standard by noting the
15  CUIPA's requirement of "real evidence" is a red herring intended to draw attention away
16  from the conclusory nature of U.S. Bank's allegations.  Indeed, Phoenix did state that "real
17  evidence of repeated conduct" is required for a CUIPA claim, as it is and as U.S. Bank does
18  not dispute.  Mot. at 6-8.  Nowhere, however, does Phoenix state that U.S. Bank must
19  muster its evidence of such now.  Rather, Phoenix presented the elements of a CUIPA
20  violation and provided legal authority showing that the mere conclusory allegations of a
21  CUIPA violation by Phoenix as a general business practices are insufficient.  Mot. at 6-9.

23       U.S. Bank acknowledges the numerous cases in which courts have dismissed CUIPA
24  and CUTPA claims on the basis that the "plaintiff did not allege, and in some cases even
25  expressly disclaimed, that the defendant's claims handling was part of its general business
26  practice."  Opp. at 11.  Indeed, as explained below, this case is exactly like those cases.
27  Further, and as explained above, the other complaints referenced by U.S. Bank are
28  grounded on dissimilar allegations of CUIPA conduct.  U.S. Bank is trapped between the

reality that the allegations within its complaint are inherently insolated, and the necessity of pleading frequent conduct to establish a CUIPA claim. U.S. Bank cannot attempt to play both ends against the middle to manufacture a CUIPA claim where none exists.

U.S. Bank cites a number of cases in support of its proposition that it has properly pled its CUIPA claim, but stretches the cases to make its pleadings fit within those cases' contours. The series of parentheticals belie the assertion, however, and this Court needs to look no further than the four corners of the Opposition to distinguish those cases. U.S. Bank summarizes the allegation in *Katz* that defendants "made unjustifiably low offers with other claimants and made those other claimants bring suit in order to effectuate a fair settlement of their claims" was sufficient because it "gave notice of the plaintiff's intent to prove at trial what it has presently alleged in the complaint[.]" Opp. at 13 (citing *Katz*, 2012 WL 2149405 at *3). Here, U.S. Bank pleads that Phoenix has retaliated against it for filing a different action by using interpleader as a mechanism of delay. But every other case to which it points involves discrete issues unrelated to collateral assignments, interpleader. It is not clear from the pleadings what conduct of Phoenix's described here is being repeated in other actions.

Despite U.S. Bank's attempt to distinguish it, this case is analogous to *Presmarita v. CUNA Mut. Ins. Soc.*, where a motion to dismiss was granted because plaintiff did "not claim[] that the allegations contained in [the CUTPA] count are part of the defendant's practice in handling claims." No. HHDCV08018855S, 2012 WL234273, at *8 (Conn. Super. Ct. Jan 3, 2012). It also fits squarely with the holding of *Perkins v. Hermitage Ins. Co.*, where the court granted a motion to dismiss because "all of the factual allegations involved only the settlement negotiations between the insured … and the defendant, and fail to reference other insureds." AANCV116006314S, 2012 WL 8990065, at *8 (Conn Super. Ct. Feb. 29, 2012). Within its Complaint, U.S. Bank does not allege that any of the conduct in this lawsuit (five-week delay, requirement of release to collateral assignment, malicious

retribution for another lawsuit, etc.) is part of Phoenix's general claims practices, nor does U.S. Bank plead this conduct in "reference [to] other insureds." *Perkins*, 2012 WL 8990065 at *8. Instead, U.S. Bank repeats the mantra that Phoenix has an improper "claims handling practice," conflating this repetitious quotation of the statute for specificity in its pleading. Compl., ¶ 5; Opp. at 3-5.

Other cases side-stepped by U.S. Bank's Opposition make the point even clearer. *See* Mot. at 8; *see also Rome v. Utica First Ins.* (Conn. Super. Ct., July 18, 2011, CV116017269S) 2011 WL 3587389 (citations omitted) (granting motion where the pleading "fails to allege facts supporting the plaintiffs' claim that the defendant engaged in a general business practice in connection with its allegedly unfair and deceptive denial of coverage, in violation of CUIPA/CUTPA."); *and also Hawkeye, LLC v. Zurich Am. Ins. Co.*, No. 3:10-CV-899 JCH, 2011 WL 1216408 (D. Conn. Mar. 29, 2011) ("Courts in this district have consistently dismissed claims under section 38a–816(6) that failed to include factual allegations sufficient to make a claim of a 'general business practice' plausible.") (citations omitted). Further, as Phoenix noted at the end of the string cite providing this surfeit of authority, these are only cases from the last two years. Mot. at 8, fn.3. Myriad more reinforce the point. *See Vasilakos v. Ford*, No. CV085006202S, 2009 WL 659234, *2 (Conn. Super. Ct. Feb. 19, 2009) (requiring that "the unfair settlement practice [has] been committed or performed by the defendant[s] with such frequency as to indicate a general business practice.") (citations omitted); *see also Fowler*, 2009 WL 242375 at *4 (granting a motion to dismiss because "[t]he plaintiff never alleges that the defendant has failed to settle *similar* claims presented by other claimants.") (emphasis added); *and see Linn v. Hanover Ins. Co.*, CV065006969S, 2007 WL 2081444, *1 (Conn. Super. Ct. July 2, 2007). Unsurprisingly then, CUIPA claims are often dismissed by courts in light of the high threshold. Mot. at 7. It is in fact the minority of cases on which U.S. Bank relies, and not the trend of this body of law.

1    In short, U.S. Bank's Opposition amounts to an argument that, because this is only a
2 Motion to Dismiss, U.S. Bank can simply label the statutory language as a factual
3 allegation, and rely on the fact that the same conclusory allegation is made in other
4 complaints (that Phoenix also seeks to dismiss). This, however, does not satisfy the *Iqbal*
5 and *Twombly* pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly v. Bell*
6 *Atlantic Corp.*, 550 U.S. 544 (2007). As such, Phoenix's Motion should be granted.

   **D.    Unjust enrichment is not available as an alternative theory of
           liability where the contract is uncontested.**

11   U.S. Bank incorrectly asserts in Opposition that it may plead unjust enrichment in the
12 alternative to its breach of contract claim. Opp. at 13. An alternative theory of liability can
13 only survive for as long as the alternative remains plausible; once the possibility for the
14 alternative is foreclosed, the alternative cause of action fails. *Tait v. BSH Home Appliances*
15 *Corp.*, No. SACV 10-711 DOC AN, 2011 WL 1832941, *6 (C.D. Cal., May 12, 2011)
16 ("Although certain situations permit plaintiffs to pursue an unjust enrichment claim as an
17 alternative to a breach of contract claim, this alternative pleading theory is not available
18 where a plaintiff expressly pleads, and relies on, the existence of an express agreement
19 between the parties relating to the same issues.").

21   Thus, unjust enrichment is only available for as long as the possibility exists that the
22 contract (here, the Policies) would not govern the relationship between the parties. U.S.
23 Bank has pled and relied on the Policies as an express contract, and it has provided no facts
24 to suggest the validity of the Policies is or will be challenged. Additionally, Phoenix has
25 acknowledged coverage under the Policies, most recently by filing its Amended Cross-
26 Complaint for Interpleader. PHL's First Amended Counterclaim and Third-Party
27 Complaint in Interpleader [Dkt. 31] Since Phoenix does not dispute that the Policies are
28 valid and does not dispute coverage under them, the unjust enrichment claim fails. *Tait*,

2011 WL 1832941 at *6. There is no alternative theory for liability besides the Policies here and unjust enrichment is legally precluded. *Id.*

Additionally, the Opposition mischaracterizes Phoenix's position as implicitly acknowledging the existence of an unjust enrichment claim where the parties have a contract. Opp. at 12-13. In fact, Phoenix's argument is that unjust enrichment is a remedy on par with restitution—not a cause of action—and that the *remedy* is unavailable where the parties have a contract. Mot. at 11-13. U.S. Bank seeks to equivocate cause of action with remedy, which is inconsistent with California law. *Walker v. USAA Casualty Insurance Co.*, 474 F. Supp. 2d 1168 (E.D. Cal. 2007), aff'd by *Walker v. Geico Gen. Ins. Co.*, 558 F. 3d 1025 (9th Cir. 2009), cert. denied *Walker v. Geico Gen. Ins. Co.*, 130 S. Ct. 400 (2009). Indeed, much of the caselaw relied on by U.S. Bank, like *Lectrodryer v. SeoulBank*, has been expressly distinguished on precisely this issue. *Walker*, 474 F. Supp. 2d at 1174. (distinguishing *Lectrodryer*, among others, by finding that, there, the unjust enrichment claim was based upon wrongful dishonor of a credit letter, and not a stand-alone unjust enrichment claim). This Court should therefore follow the conclusion reached by the Walker court that "[t]here is *no cause* of action in California for unjust enrichment. Unjust enrichment is synonymous with the remedy of restitution." *Id.* (emphasis in original).[5] For this reason, and because there is no allegation suggesting an alternative theory is justified, the Court should dismiss U.S. Bank's Third Cause of Action.

---

[5] U.S. Bank minimizes the effect of *Walker* in a footnote by pointing the Court to an article critical of the case. To that end, U.S. Bank would have this Court adopt law as expressed by academics rather than by a sister federal court in California that was affirmed by the 9th Circuit.

## III. CONCLUSION

For the foregoing reasons, the Court should enter an order dismissing U.S. Bank's Third, Fourth, and Fifth Causes of Action from U.S. Bank's First Amended Complaint.

DATED: July 23, 2012

PAYNE & FEARS LLP

By: /s/ Scott O. Luskin
SCOTT O. LUSKIN
DANIEL L. RASMUSSEN

*and*

EDISON, McDOWELL & HETHERINGTON LLP

Thomas F. A. Hetherington
(Texas Bar No. 24007359) (*pro hac vice*)
Jarrett E. Ganer
(Texas Bar No. 24055520) (*pro hac vice*)
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
tom.hetherington@emhllp.com
jarrett.ganer@emhllp.com

Attorneys for Defendant/Counterclaimant and Third-Party Plaintiff PHL VARIABLE INSURANCE COMPANY