Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:  (213) 439-9911
Facsimile:   (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP,<br><br>   Plaintiff,<br><br>   v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>   Defendant. | Case No. CV12-03047-RGK (MRWx)<br><br>**DEFENDANT PHL VARIABLE INSURANCE COMPANY'S ANSWER TO PLAINTIFF U.S. BANK, N.A.'S SECOND AMENDED COMPLAINT**<br><br>Judge:       Hon. R. Gary Klausner |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, answers the Second Amended Complaint ("SAC") filed by Plaintiff U.S. Bank National Association ("U.S. Bank"), as Securities Intermediary for Lima Acquisition, L.P. ("Plaintiff") regarding a life insurance policy insuring the life of "John Doe" (the "Doe Policy" or "Policy") and states as follows. Any averment not specifically admitted is hereby denied.

## NATURE OF THE ACTION

1. The allegations in paragraph 1 of the SAC are legal conclusions to which no response is required. To the extent a response is required, Phoenix denies the allegations contained in paragraph 1 of the SAC.

2. Phoenix admits that it issued the Doe Policy and admits that it received premiums. Phoenix admits that it received a death certificate indicated that Mr. Doe passed away on January 7, 2012. Phoenix admits that it received submission of a claim from U.S. Bank, but was unaware of the identity of the party for whom U.S. Bank was serving as securities intermediary prior to being served with this lawsuit. Phoenix denies all remaining allegations contained in paragraph 2 of the SAC.

3. Phoenix denies the allegations contained in paragraph 3 of the SAC.

4. Phoenix denies the allegations contained in paragraph 4 of the SAC.

5. Phoenix admits only that Plaintiff filed the "COI Action" in the Central District of California on November 16, 2011. PHL denies all remaining allegations contained in paragraph 5 of the SAC.

6. Phoenix lacks knowledge or information sufficient to form a belief as to the allegations regarding payment of a prior death claim. Phoenix denies all remaining allegations contained in paragraph 6 of the SAC.

7. Phoenix admits that Plaintiff filed the "Doe II Action" and the "Doe III Action." Phoenix denies all remaining allegations contained in paragraph 7 of

the SAC.

8. Phoenix denies the allegations contained in paragraph 8 of the SAC.

9. Phoenix admits the existence of the lawsuits referenced in Paragraph 9. Phoenix denies all remaining allegations contained in paragraph 9 of the SAC.

10. Phoenix asserts that the documents referenced in paragraph 10 speak for themselves. Phoenix denies the allegations contained in paragraph 10 of the SAC.

11. Phoenix asserts that the documents referenced in paragraph 11 speak for themselves. Phoenix denies the allegations contained in paragraph 11 of the SAC.

12. Phoenix asserts that the document referenced in paragraph 12 speaks for itself. Phoenix denies the allegations contained in paragraph 12 of the SAC.

13. Phoenix denies the allegations contained in paragraph 13 of the SAC.

14. Phoenix denies the allegations contained in paragraph 14 of the SAC.

15. Phoenix admits that it is an insurance company, based in Connecticut. Whether it is subject to the provisions of the statutes referenced in Paragraph 15 is a legal question to which no response is required. To the extent a response is required, Phoenix denies the allegation in paragraph 15 of the SAC. Phoenix denies all remaining allegations contained in paragraph 15 of the SAC.

**PARTIES**

16. Phoenix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the SAC.

17. Phoenix admits it is a Connecticut corporation authorized to transact the business of insurance in California. Phoenix admits that it is organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Phoenix admits that its headquarters are located at One American Row, Hartford, Connecticut 06102–5056 and that Phoenix's high-level officers direct, control, and coordinate the corporation's activities from Hartford,

1  Connecticut. The remaining allegations constitute legal conclusions to which no
2  response is required. To the extent a response is required, Phoenix denies all
3  remaining allegations contained in paragraph 17 of the SAC.

## JURISDICTION AND VENUE

18. The allegations in paragraph 18 of the SAC are legal conclusions to which no response is required.

19. The allegations in paragraph 19 of the SAC are legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

**A.  The Doe I Policy**

20. Phoenix admits only that it issued the Doe Policy, which speaks for itself. Phoenix denies all remaining allegations contained in paragraph 20 of the SAC.

21. Phoenix admits only that the California Insurance Code and the Policy speak for themselves. To the extent a response is required, Phoenix denies all remaining allegations contained in paragraph 21 of the SAC.

22. Phoenix lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the SAC.

23. Phoenix admits only that it received premiums. Phoenix denies all remaining allegations contained in paragraph 23 of the SAC.

24. Phoenix admits only that it has received a death certificate indicating Mr. Doe died on January 7, 2012. Phoenix denies all remaining allegations contained in paragraph 24 of the SAC.

25. Phoenix admits only that it received submission of a claim from U.S. Bank, but was unaware of the identity of the party for whom U.S. Bank was serving as securities intermediary prior to being served with this lawsuit. Phoenix denies all remaining allegations contained in paragraph 25 of the SAC.

26. Phoenix admits only that it sent a letter dated to U.S. Bank, dated

January 31, 2012, which speaks for itself. Phoenix lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 26 of the SAC.

27. Phoenix asserts that the documents speak for themselves. To the extent a response is required, Phoenix denies the allegations contained in paragraph 27 of the SAC.

28. Phoenix admits only that it received a letter dated February 8, 2012, which speaks for itself. To the extent a response is required, Phoenix denies the allegations contained in paragraph 28 of the SAC.

29. Phoenix denies the allegations contained in paragraph 29 of the SAC.

30. Phoenix denies the allegations contained in paragraph 30 of the SAC.

31. Phoenix admits only that it received a letter dated February 24, 2012, which speaks for itself. To the extent an answer is required, Phoenix denies the allegations contained in paragraph 31 of the SAC.

32. Phoenix denies the allegation contained in paragraph 32 of the SAC.

33. Phoenix admits that it received a letter dated March 21, 2012, which speaks for itself. Phoenix lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 33 of the SAC and therefore denies them.

34. Phoenix denies the allegations contained in paragraph 34 of the SAC.

35. Phoenix denies the allegations contained in paragraph 35 of the SAC.

36. Phoenix denies the allegations contained in paragraph 36 of the SAC.

37. Phoenix admits that it tendered $10 million dollars in death benefits under the Policy to Plaintiff. Phoenix denies all remaining allegations contained in paragraph 37 of the SAC.

38. Phoenix denies the allegations contained in paragraph 38 of the SAC.

**B.   The Doe II Policies**

39. Phoenix denies the allegations contained in paragraph 39 of the SAC.

Defendant's Answer to Plaintiff's Second Amended Complaint

40. Phoenix admits only that it received a death certificate indicating Ms. Doe II died on January 28, 2012. Phoenix denies all remaining allegations contained in paragraph 40 of the SAC.

41. Phoenix admits only that it has received submission of a claim from U.S. Bank. Phoenix denies all remaining allegations contained in paragraph 41 of the SAC.

42. Phoenix asserts that the Policies speak for themselves. Phoenix denies all remaining allegations contained in paragraph 42 of the SAC.

43. Phoenix asserts that the California Insurance Code speaks for itself. Phoenix denies all remaining allegations contained in paragraph 43 of the SAC.

44. Phoenix denies the allegations contained in paragraph 44 of the SAC.

45. Phoenix denies the allegations contained in paragraph 45 of the SAC.

46. Phoenix denies the allegations contained in paragraph 46 of the SAC.

47. Phoenix denies the allegations contained in paragraph 47 of the SAC.

48. Phoenix admits that it filed a cross-claim for interpleader. Phoenix admits only that it sent a letter to JP Morgan and Bank of New York regarding their intention to assert claims on the Policies. Phoenix denies all remaining allegations contained in paragraph 48 of the SAC.

49. Phoenix admits that it tendered $20 million dollars in death benefits under the "Doe II" Policies to Plaintiff. Phoenix denies all remaining allegations contained in paragraph 49 of the SAC.

50. Phoenix denies the allegations contained in paragraph 50 of the SAC.

C. **The Doe III Policy**

51. Phoenix denies the allegations contained in paragraph 51 of the SAC.

52. Phoenix admits only that it has evidence that the "Doe III Policy" is void for lack of insurable interest. Phoenix denies all remaining allegations contained in paragraph 52 of the SAC.

53. Phoenix asserts that the "Doe III Policy" speaks for itself.

Defendant's Answer to Plaintiff's Second Amended Complaint

54. Phoenix admits only that it has received a death certificate indicating Mr. Doe III died on November 4, 2011. Phoenix denies all remaining allegations contained in paragraph 54 of the SAC.

55. Phoenix asserts that the "Doe III Policy" speaks for itself. To the extent a response is required, Phoenix denies the allegation contained in paragraph 55 of the SAC.

56. Phoenix admits only that the letter speaks for itself. Phoenix denies the remaining allegations contained in paragraph 56 of the SAC.

57. Phoenix admits the allegation contained in paragraph 57 of the SAC.

58. Phoenix admits only that it received documents, which speak for themselves. To the extent a response is required, Phoenix denies the allegations contained in paragraph 58 of the SAC.

59. Phoenix admits only that it sent correspondence, which speaks for itself. To the extent a response is required, Phoenix denies the allegations contained in paragraph 59 of the SAC.

60. Phoenix admits only that it sent correspondence, which speaks for itself. To the extent a response is required, Phoenix denies the allegations contained in paragraph 60 of the SAC.

61. Phoenix denies the allegations contained in paragraph 61 of the SAC.

62. Phoenix admits only that it received documents, which speak for themselves. To the extent a response is required, Phoenix denies the allegations contained in paragraph 62 of the SAC.

63. Phoenix admits only that it sent correspondence, which speaks for itself. To the extent a response is required, Phoenix denies the allegations contained in paragraph 63 of the SAC.

64. Phoenix denies the allegations contained in paragraph 64 of the SAC.

65. Phoenix admits only that it received documents, which speak for themselves. To the extent a response is required, Phoenix denies the allegations

1. contained in paragraph 65 of the SAC.

66. Phoenix admits only that it sent correspondence, which speaks for itself. To the extent a response is required, Phoenix denies the allegations contained in paragraph 66 of the SAC.

67. Phoenix denies the allegations contained in paragraph 67 of the SAC.

68. The allegations in paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Phoenix denies all remaining allegations contained in paragraph 68 of the SAC.

69. Phoenix denies the allegations contained in paragraph 69 of the SAC.

70. Phoenix denies the allegations contained in paragraph 70 of the SAC.

71. Phoenix denies the allegations contained in paragraph 71 of the SAC.

**D.    The Jackson Policy**

72. Phoenix denies the allegations contained in paragraph 72 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

73. Phoenix asserts that the Jackson Policy speaks for itself. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

74. Phoenix admits only that it received a death certificate indicating that Mr. Jackson died on December 14, 2011. Phoenix denies all other allegations contained in paragraph 74 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

75. Phoenix denies the allegations contained in paragraph 75 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

76. Phoenix denies the allegations contained in paragraph 76 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

77. Phoenix asserts that Insurance Code section 10110.1(f) speaks for

itself.  Phoenix denies all remaining allegations contained in paragraph 77 of the SAC.  All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

78. Phoenix asserts that the Post-Claim Questionnaire speaks for itself. Phoenix denies all remaining allegations contained in paragraph 78 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

79. Phoenix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the SAC and therefore denies them.  All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

80. Phoenix asserts that the correspondence referenced in paragraph 80 speaks for itself.  To the extent a response is required, Phoenix denies the allegations contained in paragraph 80 of the SAC.  All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

81. Phoenix asserts that the Jackson Policy speaks for itself.  To the extent a response is required, Phoenix denies the allegations contained in paragraph 81 of the SAC.  All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

82. Phoenix denies the allegations contained in paragraph 82 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

83. Phoenix denies the allegations contained in paragraph 83 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

84. Phoenix denies the allegations contained in paragraph 84 of the SAC. All claims alleged in the Jackson Action have been dismissed by the plaintiff with prejudice.

**E.    The Close Policy**

85. Phoenix asserts that the Close Policy speaks for itself. Phoenix denies all other allegations contained in paragraph 85 of the SAC.

86. Phoenix admits only that it received a death certificate indicating the Mr. Close died on November 18, 2011. Phoenix denies all remaining allegations in paragraph 86 of the SAC.

87. Phoenix denies the allegations contained in paragraph 87 of the SAC.

88. Phoenix denies the allegations contained in paragraph 88 of the SAC.

89. Phoenix admits that it initiated the Close Action and that it has evidence that the Close Policy is void for lack of insurable interest. Phoenix denies all remaining allegations contained in paragraph 89 of the SAC.

90. The allegations contained in paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, Phoenix denies the allegations contained in paragraph 90 of the SAC.

91. Phoenix denies the allegations contained in paragraph 91 of the SAC.

**F.    The Griggs Policy**

92. Phoenix admits only that the policyholder's counterclaim in the referenced action speaks for itself. Phoenix denies all remaining allegations contained in paragraph 92 of the SAC.

93. Phoenix denies the allegations contained in paragraph 93 of the SAC.

94. Phoenix denies the allegations contained in paragraph 94 of the SAC.

95. Phoenix denies the allegations contained in paragraph 95 of the SAC.

## FIRST CAUSE OF ACTION

### For Breach of Contract (Express)

96. Phoenix repeats the above responses in paragraphs 1–95 and incorporates those responses herein by reference as if set forth at length.

97. In light of the Order of the Court dated November 29, 2012, dismissing Plaintiff's Breach of Contract claim, no response is required to the

allegations contained in paragraph 97 of the SAC.

98. In light of the Order of the Court dated November 29, 2012, dismissing Plaintiff's Breach of Contract claim, no response is required to the allegations contained in paragraph 98 of the SAC.

99. In light of the Order of the Court dated November 29, 2012, dismissing Plaintiff's Breach of Contract claim, no response is required to the allegations contained in paragraph 99 of the SAC.

100. In light of the Order of the Court dated November 29, 2012, dismissing Plaintiff's Breach of Contract claim, no response is required to the allegations contained in paragraph 100 of the SAC.

## SECOND CAUSE OF ACTION

### For Breach of Contract (Bad Faith)

101. Phoenix repeats the above responses in paragraphs 1–95 and incorporates those responses herein by reference as if set forth at length.

102. The allegations in paragraph 102 of the SAC are legal conclusions to which no response is required.

103. The allegations in paragraph 103 of the SAC are legal conclusions to which no response is required.

104. Phoenix denies the allegations contained in paragraph 104 of the SAC.

105. Phoenix denies the allegations contained in paragraph 105 of the SAC.

106. Phoenix denies the allegations contained in paragraph 105 of the SAC.

## THIRD CAUSE OF ACTION

### For Violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq*.

107. Phoenix repeats the above responses in paragraphs 1–95 and

incorporates those responses herein by reference as if set forth at length.

108. Phoenix admits only that the law speaks for itself and denies all remaining allegations contained in paragraph 108 of the SAC.

109. Phoenix admits it is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Phoenix denies all remaining allegations contained in paragraph 109 of the SAC.

110. Phoenix denies the allegations contained in paragraph 110 of the SAC.

111. Phoenix denies the allegations contained in paragraph 111 of the SAC.

112. Phoenix denies the allegations contained in paragraph 112 of the SAC.

113. Phoenix denies the allegations contained in paragraph 113 of the SAC.

114. The allegations in paragraph 114 of the SAC are legal conclusions to which no response is required. To the extent a response is required, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 114 of the SAC.

## PRAYER FOR RELIEF

WHEREFORE, PHL Variable Insurance Company requests that upon trial or other final hearing on this matter, Plaintiff U.S. Bank N.A., as securities intermediary for Lima Acquisition, LP take nothing, that judgment be entered against Plaintiff, and that the Court grant such other and further relief to which Phoenix may be justly entitled.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of release and/or payment.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8. Plaintiff's claims are barred, in whole or in part, by its assumption of risk.

9. Plaintiff's claims are barred, in whole or in part, by its contributory negligence and/or intervening or superseding acts, because Plaintiff's acts and/or omissions caused or contributed to Plaintiff's alleged damages.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages resulted from acts or omissions of third parties not under Phoenix's control.

11. Plaintiff's claims are barred, in whole or in part, because Phoenix's conduct has, at all relevant times, been in good faith, reasonable, and/or with proper cause.

12. Plaintiff's claims are barred, in whole or in part, because Phoenix did not damage Plaintiff in the sum or manner alleged, nor in any sum or manner at all.

1     13.    Plaintiff's claims are barred, in whole or in part, by the failure to state a claim for which relief can be granted.

## CONCLUSION

WHEREFORE, PHL Variable Insurance Company requests that upon trial or other hearing on this matter, that judgment be entered against U.S. Bank, National Association, as securities intermediary for Lima Acquisition, L.P., as follows:

    (a)    that Plaintiff take nothing by its claims;

    (b)    that the claims be dismissed with prejudice;

    (c)    that Phoenix be awarded its reasonable attorneys' fees, expenses and costs of suit; and

    (d)    an order awarding Phoenix such other relief as it is entitled to by law and/or that the Court deems equitable and just.

DATED: November 29, 2012    EDISON, MCDOWELL & HETHERINGTON LLP

/s/ *Shannon A. Lang*
Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang

PAYNE & FEARS LLP

Daniel L. Rasmussen
Scott O. Luskin

*Attorneys for Defendant PHL Variable Insurance Company*

Defendant's Answer to Plaintiff's Second Amended Complaint